```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Ying Liu,                         :

      Plaintiff,             :

   v.                             :    Case No. 2:10-CV-146

Next Step Resources of Ohio,      :    JUDGE MICHAEL H. WATSON
Inc.,                                  MAGISTRATE JUDGE KEMP

      Defendant.             :

## OPINION AND ORDER

    This matter is before the Court on a motion to compel filed by Defendant Next Step Resources of Ohio, Inc. ("Next Step") against non-party Compass Tech International, Ltd. ("Compass Tech"), and Compass Tech's motion to quash.  (Docs. ##40, 42). For the reasons set forth below, the Court denies Next Step's motion to compel and grants Compass Tech's motion to quash.

### I. Background

    Plaintiff Ying Liu filed the instant action against Next Step alleging sexual harassment under federal and state law. (Doc. #2).  Next Step filed an answer and counterclaim alleging, inter alia, breach of a non-competition agreement.  (Doc. #9). Next Step contends that Compass Tech is a competing business operated by Ying Liu and owned by her husband in violation of a non-competition agreement.  (Doc. #40 at 2). Next Step alleges in its motion that "[t]he Plaintiff Ying Liu's activities and her association with Compass Tech is the basis of Defendant Next Step's pending counterclaims against her."  (Id. at 3.)

    On October 3, 2012, Next Step served Compass Tech with a subpoena dated October 2, 2012, requesting documents including "various written and electronic communications, contracts, payroll records, financial statements, employee handbooks, power point presentations, and other possible documents related to

Plaintiff Ying Liu's relationship with Compass Tech." (Id.) Next Step also "requests various documents related to job listings/postings and placements that are relevant to the litigation in this case." (Id.) The October 2 subpoena is the subject matter of the pending motions.

Compass Tech urges this Court to quash the subpoena on the grounds that it is untimely. (Doc. #42 at 5-9). In particular, Compass Tech asserts that the October 2 subpoena should be quashed because Next Step issued and served it, and required compliance, after September 30, 2012, the discovery cut-off in this case. (Id. at 6). In response, Next Step argues that the September 30 discovery cut-off is inapplicable to Compass Tech because it is a not a party to the case. (Doc. #40 at 3). Alternatively, Next Step urges that even if the discovery cut-off is applicable to Compass Tech, its failed attempt to issue the same subpoena on September 26, 2012 renders the subpoena timely. (Id. at 4). Finally, Next Step argues that Compass Tech should be compelled to respond to the subpoena because there is no prejudice arising from service of the subpoena on October 3. (Id.) The Court first examines the timeliness of the subpoena and next turns to Next Step's argument as it relates to prejudice.

## II. The Timeliness of the Subpoena

The subpoena at issue falls under F. R. Civ. P. 45, which permits a party to a lawsuit to command a non-party to produce documents and electronically stored information in its possession, custody, or control. Considered to be pre-trial discovery, Rule 45 subpoenas must be served within the designated discovery period, unless they satisfy one of the narrow exceptions. See, e.g., NSight v. Peoplesoft, No. 3:04 CV 3836, 2006 WL 988807, at *2-3 (N.D. Cal. Apr. 13, 2006)(denying a motion to compel where the plaintiff served a non-party subpoena

2

after the discovery cut-off).  The narrow exceptions occur when the subpoena seeks the non-party's attendance at trial or a hearing or attempts to secure original documents, copies of which were produced in discovery.  See id. at *3-4.

Next Step has not cited any authority supporting its position that this subpoena falls outside the scope of pre-trial discovery and thus is not subject to the September 30 deadline.  Further, Next Step does not argue that the subpoena fits within one of the narrow circumstances allowing a party to secure such materials after the close of discovery.  Consequently, the Court finds that Next Step is seeking to obtain materials that it could have (and should have) requested within the established discovery period.

This Court is unpersuaded by Next Step's argument that a failed attempt to serve the subpoena on September 26, 2012 somehow excuses its untimely service of the subpoena.  (Doc. #40 at 4).  This Court's February 29, 2012 Order clearly provides that "[a]ll discovery other than discovery from damages experts shall be completed by September 30, 2012."  (Doc. #23 at 1).  Even if the September 26 subpoena had been served properly, it is unlikely that Compass Tech would have been required to comply with the subpoena prior to the discovery cut-off as specified in this Court's Order.  Thus, it appears that Next Step's efforts to issue and serve the subpoena are untimely.

### III. Prejudice

Next Step next asserts that even if the subpoena is untimely, "Compass Tech has failed to point out and Defendant Next Step is unaware of any prejudice to Compass Tech by virtue of receiving the subpoena on October 3rd as opposed to September 30th . . . a mere 3 day difference."  (Doc. #40 at 4).  As this Court has observed, "adherence to reasonable deadlines is critical to maintaining integrity in court proceedings," and

3

pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Watkins v. New Albany Local Schools, No. 2:08-cv-0134, 2010 WL 910256, at *3 (S.D. Ohio Mar. 10, 2010) (quoting Rouse v. Farmers State Bank, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994)). Although this Court has broad discretion to modify its own pretrial orders, it does so only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). That is, the party seeking the modification bears the burden of demonstrating that despite its due diligence, it could not have reasonably satisfied the scheduled deadline. See id. Notably, "the absence of prejudice to the opposing party is not equivalent to a showing of good cause." Id.

In this case, Next Step made no motion to modify the Court's February 29 Order, which established the September 30 discovery cut-off. Further, even if the motion to compel could be construed as requesting such a modification, Next Step has not demonstrated that despite its due diligence, it could not have reasonably satisfied the discovery deadline. Next Step filed its counterclaim alleging breach of the non-competition agreement on September 21, 2010, two years prior to the discovery cut-off, alleging that it sent Ying Liu letters as early as 2008 asking her to refrain from violating the non-competition agreement relating to her association with Compass Tech. (Doc. #9 at ¶¶19-20). Clearly, Next Step could have reasonably obtained the discovery requested prior to the established cut-off had it exercised due diligence. Because the absence of any prejudice to Compass Tech is not equivalent to demonstrating good cause, the Court finds no reason to make an exception to the September 30 discovery cut-off.

### IV. Conclusion

Based upon the foregoing, the Court denies Next Step's

motion to compel (Doc. #40) and grants Compass Tech's motion to quash the October 2 subpoena (Doc. #42).

                V.   <u>Procedure for Seeking Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                            <u>/s/ Terence P. Kemp</u>
                                            United States Magistrate Judge